UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| E*Trade Securities LLC, | |
| Plaintiff, | **Civil No. 02-3711 RHK/AJB** |
| vs. | |
| Deutsche Bank AG et al., | |
| Defendants. | |
| E*Trade Securities LLC, as assignee of Fiserv Securities, Inc., | |
| Plaintiff, | **Civil No. 03-5311 RHK/AJB** |
| vs. | |
| Nomura Canada, Inc. et al., | |
| Defendants. | |

BAR ORDER, INJUNCTION AND
DISMISSAL OF CLAIMS

WHEREAS, on December 6, 2005, Nomura Securities International Inc., Nomura Canada Inc. and Scott Reed (together, the "Nomura-Related Parties") filed a motion (the "Motion") seeking a determination that: (i) as a result of the settlement between plaintiff E*Trade Securities LLC in the above captioned actions (the "Actions") and the Nomura-Related Parties, an order should issue barring all claims for indemnity or contribution against the Nomura-Related Parties, arising out of, in connection with or in any way related to the Actions, or the allegations therein; and (ii) as a result of the

settlement, an order should issue dismissing any and all claims, cross-claims, counterclaims and third party complaints against the Nomura-Related Parties currently pending in the Actions; and

WHEREAS the Court has considered the papers filed by the Nomura-Related Parties in support of the Motion, and has received no filings or appearances in opposition to the Motion,

NOW, THEREFORE, it is hereby ordered that:

A.   For purposes of this Order, the term the "Nomura-Related Parties" refers to the Nomura-Related Parties, and their past, current, and future predecessors, successors, assigns, partners, agents, shareholders, directors, officers, employees, attorneys, affiliates, parents, subsidiaries, predecessor partnerships, limited partners, professional corporations, shareholders of professional corporations, and each of them.

B.   For purposes of this Order, the term "Non-Settling Defendants" refers to:

1.   all defendants, cross-defendants, counter-defendants and third-party defendants, other than the Nomura-Related Parties, in the Actions; and

2.   any other person or entity that directly or through his/her/its counsel has been served with notice of the hearing on the Motion.

C.   Each of the Non-Settling Defendants is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for

indemnity or contribution against the Nomura-Related Parties (or any other claim against the Nomura-Related Parties where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to E*Trade), arising out of or reasonably flowing from the claims or allegations in the Actions, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third party claims, in the Actions, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency or forum in the United States, Canada or elsewhere, or in any other manner, including but not limited to offset.

      D.    The Nomura-Related Parties are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution (or any other claim where the injury to the Nomura-Related Parties is the Nomura-Related Parties' liability to E*Trade), arising out of or reasonably flowing from the claims or allegations in the Actions, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third party claims, in the Actions, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency or forum in the United States, Canada or elsewhere, or in any other manner, including but not limited to offset.

      E.    All claims against the Nomura-Related Parties in the Actions are hereby dismissed with prejudice.

      F.    Any judgment obtained by E*Trade against any of the Non-Settling Defendants, or any party other than the Nomura-Related Parties, shall be reduced in accordance with applicable law.

G. Neither the Nomura Related Parties' settlement with E*Trade, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

1. construed as or deemed in any judicial, administrative, arbitration, or other type of proceeding to be evidence of a presumption, concession, or an admission by the Nomura-Related Parties, of the truth of any fact alleged or the validity of any claim that has been, could have been, or in the future might be asserted by E*Trade in these Actions;

2. construed as a concession or an admission by the Nomura-Related Parties that the plaintiffs have suffered any damage.

H. The Court shall have and retain jurisdiction over the parties for all matters related to the administration, interpretation, effectuation, or enforcement of this Order, the settlement agreement between E*Trade and the Nomura-Related Parties and any related disputes.

I. There is no just reason for delay in the entry of final judgment as to the Nomura-Related Parties, and the Court hereby directs the clerk to enter judgment as to the Nomura-Related Parties pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: December 28, 2005

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge