UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

|  |  |
|---|---|
| E*TRADE Securities LLC, | Civil No. 02-3711 (MJD/AJB) |
| Plaintiff, |  |
| V. | **Report and Recommendation on Plaintiff's Submission of Proof in Support of its Motion for Default Judgment as to Damages** |
| Deutsche Bank AG, et al., |  |
| Defendants. |  |

_____

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, for a report and recommendation to the District Court on E*TRADE's Submission of Proof in Support of its Motion for Default Judgment as to Damages.  See 28 U.S.C. § 636 (b)(1) and Local Rule 72.1.   Based on the file and arguments of counsel, the Court **recommends** that E*TRADE's Motion be **DENIED.**  (Doc. No. 941, 942.)

Dated: July 20, 2007

                                                         s/ Arthur J. Boylan
                                                         Arthur J. Boylan
                                                         United States Magistrate Judge

**MEMORANDUM**

**Background**

On March 8, 2007, Judge Michael J. Davis adopted Magistrate Judge Boylan's report and recommendation denying E*TRADE's motion for default judgment as to damages. (Doc. No. 931) However, the Court directed E*TRADE to provide Magistrate Judge Boylan with more detailed affidavit(s) and supporting documentation for its calculation of damages, including amounts received in settlement from other sources.

On May 16, 2007, E*TRADE filed under seal, an affidavit from Shane Mulron, Chief Financial Officer of E*TRADE, in support of its motion for default judgment as to damages. (Doc. No. 941.) E*TRADE also filed under seal, a copy of its settlement agreement with: (1) Fiserv Securities, Inc. ("Fiserv"), (2) Wedbush Morgan Securities, Inc. ("Wedbush"), (3) Nomura Holding America, Inc., Nomura Securities International, Inc., and Nomura Canada, Inc. (collectively "Nomura"), and (4) Deutsche Bank AG, Deutsche Bank Securities, Inc., Deutsche Bank Securities Limited, and Wayne Breedon (collectively the "Deutsche Parties") (Doc. No. 942.)

On May 23, 2007, Defendant Ramy El-Batrawi filed objections to E*TRADE's claim for default judgment as to damages.[1] (Doc. No. 943.)

**Legal Standard**

The Court may order a party moving for default judgment to submit evidence of its damages. Fed. R. Civ. P. 55(b)(2). A party seeking a default judgment must "prove its

---

[1] El-Batrawi failed to file his objections under seal pursuant to this Court's Order. (See Doc. Nos. 936, 940.) El-Batrawi is on notice that his failure to comply with such Orders in future filings to the Court may result in sanctions.

actual damages to a reasonable degree of certainty." <u>Everyday Learning Corp. v. Larson</u>, 242 F.3d 815, 818-19 (8th Cir. 2001).  <u>See</u> <u>also</u> <u>Quality Carriers, Inc. v. Randolph,</u> No. 1:06-CV-1170, 2007 WL 2027281, at *1 (N.D.N.Y. July 9, 2007) ("the court may rely on detailed affidavits *and documentary evidence* to fix damages after a default judgment has been entered.") (emphasis added).

### **E*TRADE's Claim for Default Judgment as to Damages**

E*TRADE seeks default judgment as to damages against defendants Ramy El-Batrawi ("El-Batrawi"), GenesisIntermedia, Inc. ("Genesis"), RBF International ("RBF"), Ultimate Holdings, Ltd., and Adnan Khashoggi.  E*TRADE asserts that it is entitled to damages of $15,198,138.  E*TRADE explained that it deducted the amounts recovered in its settlements with the non-defaulting Defendants from the damages it now seeks.

### **E*TRADE Has Failed to Prove Damages to a Reasonable Degree of Certainty**

As a threshold matter, El-Batrawi argues that E*TRADE's affidavit was not filed in support of any pending request for relief.  However, Judge Davis issued an Order on March 8, 2007, which directed E*TRADE to provide Magistrate Judge Boylan with more detailed affidavit(s) and supporting documentation for its calculation of damages, including amounts received in settlement from other sources.  (Doc. No. 931.)  The Court finds that E*TRADE has complied with the procedural aspects of this Court's Order.

Next, El-Batrawi argues that E*TRADE's affidavit and exhibits fail to adequately prove damages.  The Court agrees.  E*TRADE is seeking default judgment as to damages

and therefore must "prove its actual damages to a reasonable degree of certainty." Everyday Learning Corp., 242 F.3d at 818-19.

However, E*TRADE did not provide sufficient documentation for proving its damages to a reasonable degree of certainty.  The Court will not simply accept E*TRADE's statement of its damages without more proof.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (vacating default judgment because the district court simply accepted at face value plaintiff's claim of damages and remanding the case for a determination of damages "based on appropriate evidence.")).

E*TRADE provided the Court with the amounts it paid and received as part of the settlement agreements it reached.  However, E*TRADE failed to provide any supporting documentation for the claims and legal fees assigned to E*TRADE from the Fiserv and Wedbush settlements.  E*TRADE also failed to provide supporting documentation of the Nomura "mark to market" transaction.  Nor did E*TRADE provide the Court with any proof supporting its legal fees and costs.  E*TRADE also did not provide any supporting documentation for the alleged damage to its securities lending business.  Consequently, the Court cannot rely on E*TRADE's claim for pre-judgment interest when it does not have sufficient proof of E*TRADE's purported damages.  It also appears that E*TRADE has already been fully compensated for its damages based on the sums of money it

received in the settlements.[2] The bottom line is that the Court does not have enough evidence to render an informed decision as to whether E*TRADE's damages are accurate.

**Conclusion**

Accordingly, the Court finds that E*TRADE has failed to prove its actual damages to a reasonable degree of certainty. The Court **recommends** that E*TRADE's submission of proof in support of its motion for default judgment as to damages be **DENIED.**

**Notice**

Pursuant to Local Rule 72.2 (b), a party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **August 6, 2007.**

---

[2] E*TRADE recovered more in settlements than it claims as damages, exclusive of attorneys' fees and interest. Nonetheless, the Court cannot make an accurate determination of E*TRADE's damages based on the evidence in the record.